## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **ROBERT K. ELLIS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )　　　　**Civil Action No. 5:10-0854** |
| | ) |
| **DAVID BERKEBILE, Warden,** | ) |
| **FCI Beckley,** *et al.*, | ) |
| | ) |
| **Respondents.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On June 22, 2010, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C.

§ 2241 and an Application to Proceed *in forma pauperis*. (Document Nos. 1 and 2.)[1] Petitioner states

that in January, 2007, he was incarcerated as a medium security inmate at FCI Manchester,

Kentucky. He qualified as a minimum security inmate and a recommendation was made that he be

transferred to the Manchester prison camp. Petitioner claims that in consideration of the

recommendation, his Presentence Investigation Report was examined and it was determined that he

had been charged with absconding parole. In view of this charge, Petitioner was considered a low

---

[1] On April 24, 2003, an Indictment was returned in the Eastern District of Kentucky charging Petitioner with possessing a firearm having been convicted of a felony, manufacturing methamphetamine, and possessing a firearm during and in relation to a drug trafficking offense. On November 7, 2003, a Superseding Indictment was returned charging Petitioner in addition to the charges contained in the Indictment with possessing methamphetamine with the intent to distribute it and possessing precursor materials used to manufacture methamphetamine. The matter went to trial, and a jury found Petitioner guilty of all charges. The District Court sentenced Petitioner to 51 months in prison upon the felon in possession and drug charges to run concurrently and 60 months in prison upon his Section 924(c)(1)(A) conviction to run consecutively. Thus, Petitioner was sentenced to 111 months in prison. Petitioner appealed his sentence and conviction, and The Sixth Circuit affirmed the District Court's rulings. United States v. Ellis, 125 Fed.Appx.691, 2005 WL 647782 (C.A.6(Ky.)). The Bureau of Prisons' Inmate Locator indicates that Petitioner's projected date of release from custody is December 20, 2013.

security inmate and was transferred to FMC Lexington. Petitioner obtained information from the Kentucky Department of Corrections indicating that he had not been charged with absconding parole. Petitioner was transferred to FCI Jesup in Georgia. There, Petitioner went through the administrative remedy process, and it was determined that he had not been charged with absconding parole. It was therefore recommended that Petitioner be transferred back to the Manchester prison camp. Petitioner was nevertheless transferred to FCI Beckley. Petitioner states that because of these circumstances, his family, including his 93 year old grandmother who raised him, being poor and without adequate transportation, has not been able to visit him for 3 years. Petitioner states that the District Court in Kentucky which sentenced him recommended that he be incarcerated at the facility nearest his home meeting his security classification. Petitioner states further that he requested a hardship transfer in view of his grandmother's age and health and learned that such transfers are no longer available. Petitioner states that "[t]here is no remedy for my unique circumstances. I feel discriminated against for being poor and from a poor family. I am not being given the opportunity to build family ties and commitments for re-entry into society that others have because they have better financial conditions and their families are in better health." Petitioner requests that the District Court order the Bureau of Prisons to amend his file to indicate that the information in his Presentence Investigation Report that he had been charged with absconding parole was erroneous, reestablish provisions for hardship transfers and transfer him to the Manchester prison camp. Petitioner attaches a copy of his administrative grievances including his "Inmate Request" dated February 8, 2010, raising substantially the same issues raised in this matter and Respondent's February 25, 2010 response that the Bureau of Prisons was in compliance with several applicable policies and denying Petitioner's request for transfer; his March 9, 2010, appeal to the office of the Regional Director and the Regional Director's March 30, 2010, response finding "no reason to

depart form the decision made at the institution level."; his April 7, 2010, appeal to the Bureau of Prisons' General Counsel's office and indication that that Office did not respond which amounts to its denial of his appeal. Petitioner also attaches a copy of documents confirming his transfer to FMC Lexington, inquiries respecting the charge that he had absconded parole and confirmation that he had not and a portion of Chapter 6 of the Bureau's Program Statement P5100.08 indicating that consideration is given to inmates' family and community ties in determining their security classifications.

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 -328, 109 S.Ct. at 1833. A complaint is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits or it contains disrespectful or abusive language. *See* In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988). A complaint fails to state a claim upon which relief can be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

**DISCUSSION**

28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The focus of Section 2241 is therefore upon the prisoner's custodial status and the execution and duration of his or her sentence. Petitioner alleges that Respondents miscalculated his security classification on the basis of erroneous information contained in his Presentence Investigation Report that he had been charged with absconding parole and have improperly placed him at FCI Beckley when he qualifies for placement at the Manchester prison camp which is nearer to his family. The undersigned finds that Petitioner is not in custody in violation of the Constitution or laws of the United States and does not state a claim for which relief can be granted under Section 2241. Petitioner's Petition for Writ of Habeas Corpus should therefore be dismissed.

It is well recognized that a prisoner has no right under the Constitution or laws of the United States to a particular security classification or placement in a particular correctional facility. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution." Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994), cert.

denied, 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994), quoting Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983); see also Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)(finding that "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation"); Posey v. Dewalt, 86 F. Supp.2d 565, 571 (E.D.Va. 1999), appeal dismissed by, 215 F.3d 1320 (4th Cir. 2000), cert. denied, 531 U.S. 971, 121 S.Ct. 411, 148 L.Ed. 318 (2000)(stating that "[p]ut simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP"); Newbold v. Stansberry, 2009 WL 86740 ** 3 - 4 (E.D.Va.), aff'd, 332 Fed.Appx. 927 (4th Cir. 2009)(Petition challenging BOP's decision not to transfer petitioner from a federal prison in Virginia to a similar facility in North Carolina nearer petitioner's family not cognizable under Section 2241 as it did not involve the execution of his sentence. Alternatively, if cognizable, petitioner had no right to relief under Section 2241 as "[i]t is abundantly clear that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request."); Hinton v. Federal Bureau of Prisons, 2009 WL 3347158 *3 (S.D.W.Va.)(District Judge Johnston). The BOP has broad discretionary authority to designate a prisoner's place of imprisonment under 18 U.S.C. § 3621(b).[2] Section 3621(b) contains no mandatory language limiting the BOP's discretion

---

[2] Section 3621(b) provides as follows:

The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –

   (1) the resources of the facility contemplated;

which might implicate a protected liberty interest in a particular place of confinement. The District

Court has no authority to specify an inmate's security classification or place of confinement. Finally,

the undersigned notes that the Bureau of Prisons has established a policy in Chapter 7 of Program

Statement 5100.08 providing that inmates may be considered for transfer nearer their legal residence

"after serving 18 consecutive months of clear conduct in a general population. * * * Once an inmate

has been transferred within 500 miles of his or her release residence, no further referrals will be made

for nearer release transfer consideration." As Petitioner's residence is in the Eastern District of

Kentucky, it appears that the Bureau of Prisons is in compliance with this policy in holding him at

FCI Beckley.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

the District Court **DENY** Petitioner's Application to Proceed *in forma pauperis* (Document No. 1.),

**DISMISS** Petitioner's Petitioner for Writ of Habeas Corpus (Document No. 2.) and remove this

matter from the Court's docket.

---

      (2) the nature and circumstances of the offense;

      (3) the history and characteristics of the prisoner;

      (4) any statement by the court that imposed the sentence –

            (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

            (B) recommending a type of penal or correctional facility as appropriate; and

      (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: October 22, 2010.

R. Clarke VanDervort
United States Magistrate Judge