**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ROBERT K. ELLIS,

          Petitioner,

v.	CIVIL ACTION NO. 5:10-cv-00854

DAVID BERKEBILE and
FCI BECKLEY,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's *Application to Proceed in Forma Pauperis* [Docket 1] and *Writ of Habeas Corpus Under 28 U.S.C. Section 2241* and attachments thereto [Docket 2], filed June 22, 2010. By Standing Order [Docket 3] entered on June 22, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of Proposed Findings and Recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636. On October 22, 2010, the Magistrate Judge submitted findings of fact and recommended that the Court deny Petitioner's Application to Proceed in Forma Pauperis, dismiss his Petition for Writ of Habeas Corpus and remove this matter from the Court's docket [Docket 7]. Petitioner filed his objections to the PF&R on November 5, 2010 [Docket 10].

Rule 4 of the Rules Governing Habeas Cases "requires the district courts to examine each habeas petition, and 'if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition' without

requesting an answer from the respondent." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 n.11 (4th Cir. 2006) (citing 28 U.S.C. foll. § 2254)(applicable in § 2241 cases by virtue of Rule 1(b)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

Petitioner is an inmate at FCI Beckley. He asserts in his petition that he was transferred to FCI Beckley despite being qualified for minimum security custody, and despite his sentencing court's recommendation that he be placed in a facility close to his home, which he asserts is five hours away from FCI Beckley. The magistrate judge found that Petitioner was not entitled to § 2241 relief because he is not "in custody in violation of the Constitution or laws or treaties of the United States" inasmuch as he has no legal right to, or liberty interest in, a particular security classification or placement in a particular facility. (PF&R 4 (citing *Moody v. Daggett*, 429 U.S. 78 (1976)).) In his objections, Petitioner contends that the authority relied on in the PF&R was modified by the Supreme Court of Appeals for the United States in *Sandin v. Conner*, 515 U.S. 472 (1995), in which

the Court recognized that an inmate may establish the deprivation of a protected liberty interest by showing that his confinement creates an atypical or significant hardship. (Objs. 4.) Petitioner asserts that his confinement creates such a hardship.

The Court in *Sandin* set forth the analytical framework for determining whether a liberty interest has been infringed by the nature of prison life. The Court held,

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin*, 515 U.S. at 483-84 (citations omitted). Petitioner's situation does not amount to an atypical and significant hardship. He is prevented from enjoying visits from his family, but this hardship does not exceed the sentence imposed upon him by any means. He contends that the decision of the Court of Appeals for the Fourth Circuit in *Beverati v. Smith*, 120 F.3d 500 (4th Cir. 1997) supports his petition, quoting that the analysis of significant hardship "is fact specific in that it requires a determination of the conditions the prisoner maintains give rise to a liberty interest and those incident to normal prison life." *Id*. at 594. In *Beverati*, the Fourth Circuit concluded that there was no liberty interest implicated when inmates claimed that they were subjected to onerous conditions in segregation, including living areas infested with vermin and polluted with human waste, unbearably hot conditions and cold food, and deficient clean clothing and bedding. *Id.* at 504. Considering Petitioner's allegations in the light most favorable to him, as the Fourth Circuit did in *Beverati*, his claims of being placed excessively far from his family do not constitute conditions that would amount to an atypical or significant hardship. It is clear from *Beverati* that proving

3

deprivation of a liberty interest requires more exigent or oppressive conditions than placement away from family.

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the magistrate judge as contained in the PF&R [Docket 7]. The Court **ORDERS** that Petitioner's Application to Proceed in Forma Pauperis [Docket 1]be **DENIED** and that Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 2] be **DISMISSED**. The Court further **ORDERS** that this matter be **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 6, 2011

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA